**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA 330090)
Chris Gold (*pro hac vice* forthcoming)
scott@edelsberglaw.com
chris@edelsberglaw.com
20900 NE 30th Ave, Ste. 417
Aventura, FL 33180
Tel: 305-975-3320
Fax: 786-623-0915

*Attorneys for Plaintiff and the Putative Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATHAN HALE**, individually, and on behalf of all others similarly situated, | Case No.: **'22 CV 0598 DMS AHG** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| **KLARNA, INC.**, | |
| Defendant. | |

Plaintiff Nathan Hale, individually and on behalf of all others similarly situated, hereby brings this Class Action Complaint against Defendant Klarna, Inc. ("Klarna") and alleges as follows:

## INTRODUCTION

1.     This lawsuit is brought as a class action on behalf of Plaintiff and thousands of similarly situated Klarna customers who have been deceived into using Klarna's buy now, pay later service by the company's misrepresentations and omissions, in marketing materials, regarding the true operation and risks of the service. These risks include the real and repeated risk of multiple insufficient funds

fees ("NSF fees") or overdraft fees imposed by users' banks as a result of automated Klarna transfers from consumers' checking accounts.

2.      Klarna specifically targets poor consumers and those struggling to make ends meet on a week-to-week basis.  This group is its core constituency.

3.      To that group, Klarna purports to offer a solution to cash-strapped consumers: Klarna prominently markets itself as a service that allows users to pay for purchases at a later date, with no interest, no fees and no hassle.  These representations are false. In fact, there are huge, undisclosed fees and interest associated with using the service.

4.      Klarna's services thus cause unsuspecting consumers like Plaintiff to incur significant overdraft and NSF fees on their linked bank accounts.

5.      Unfortunately, Klarna's operation, along with its deceptive and incomplete marketing materials, means that users like Plaintiff end up paying huge amounts of fees and interest, which Klarna falsely assures users they will not receive.

6.      In its rush to tout itself as convenient, simple, automatic, and free, Klarna does not disclose that overdraft and NSF fees are a likely and devastating consequence of the use of its service. No reasonable consumer would run this risk.

7.      This massive risk is known to Klarna but is omitted from all of its marketing.

8.      Worse, Klarna exacerbates the overdraft and NSF fee risk associated with service by using undisclosed processing choices that result in even _more_ bank fees than users would otherwise occur, including reprocessing debits on the same or next day—when it knows users' checking accounts are already negative.

9.      Had Plaintiff and the Class members known of the true operation and risks of the Klarna service, they would not used the Klarna service.

10.     Plaintiff and the Class members have been injured by Klarna's practices. Plaintiff bring this action on behalf of themselves, the putative Class, and the general public. Plaintiff seeks actual damages, punitive damages, restitution, and an injunction on behalf of the general public to prevent Klarna from continuing to engage in its illegal practices as described herein.

## PARTIES

11.     Plaintiff Nathan Hale is a citizen and resident of San Diego, California.

12.     Defendant Klarna, Inc. is an Ohio corporation with its principal place of business in Columbus, Ohio.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which at least one member of the class is a citizen of a different State than Defendant. The number of members of the proposed Class in aggregate exceeds 100 users. 28 U.S.C. § 1332(d)(5)(B).

14.     This Court has personal jurisdiction over the Defendant because it regularly conducts and/or solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from products and/or services provided to persons in this District.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

# FACTUAL ALLEGATIONS

### A.    Overview

16.    Founded in Sweden in 2005, Klarna has expanded to 17 countries and serves 90 million shoppers. Klarna has become one of the largest buy now, pay later services in the U.S.

17.    The concept of "buy now, pay later" has existed since the birth of credit cards. Klarna has expanded this concept to offers point-of-sale loans for online and in-store purchases through its mobile app., allowing users to avoid paying in full for products at hundreds of online and in-person stores by breaking up payments into four installments—allowing users to pay off a purchase over the next few months.

18.    According to the Klarna website, the service is completely free, with no interest or hidden fees.

19.    Here's how it works.  At checkout at an in-person store, or online, a user is offered a Klarna loan as an alternative to other, traditional methods of payment.   During that checkout experience, Klarna offers short marketing messages regarding its supposedly fee-free service.

20.    If a user chooses to use Klarna, she provides basic personal details like name, date of birth and address, debit card.  She then is provided specific payment plan details.

21.    For example, if the total purchase is $50, Klarna breaks that total into four payments of $12.50, with the first installment due at checkout and the remaining three deducted every two weeks.   The user's debit card will be charged for the first payment and automatically charged every two weeks until the balance is paid in full.

22.    The whole process takes a few seconds—and at no time during that process does Klarna warn potential users of the true risks of using its service. To

the contrary, during the checkout and sign up processes, Klarna repeatedly touts itself as a free service—without "catches."

23. Klarna's marketing and public communications stress that it is a service that allows users to avoid overdraft fees, interest and other predatory charges. For example, speaking of banks and credit card companies, Klarna CEO Sebastian Siemiatkowski recently stated in a CNBC interview that "We are, with this product, challenging a massive industry that has overcharged consumers with overdraft fees, with interest bearing terms of use," he added.

24. Similarly, the Klarna interface promises "Klarna is the smooothest [SIC] & safest way to get what you want today, and pay over time. No catch. Just Klarna."

25. Klarna also touts itself as offering "**4 interest-free payments**….Pay in 4 with Klarna through our app, with integrated brands, or anywhere Visa is accepted."

26. It also states:

**No interest. No catch.**

Buy now, pay later is an alternative to credit and gives you the flexibility to shop what you want, when you want, without breaking the bank. When you split the cost of your purchase into 4 smaller payments with Klarna, **you'll never pay any interest. Ever.**

27. But there is a "catch." A big one. There can also be huge amounts of "interest," albeit not assessed by Klarna, in the form of overdraft fees assessed by banks.

28. Overdraft fees, which banks charge when they pay small-dollar purchases into an insufficient account balance, are a highly profitable part of the banking sector that exclusively targets the very poor. According to a 2017 study by the Consumer Financial Protection Bureau, 5 percent of all bank accounts have

over 20 overdrafts a year, which produce 63.3 percent of all overdraft fees paid by consumers. Another 4.2 percent of bank accounts have over ten overdrafts a year and make up more than 15 percent of fees paid by consumers.

29. This is the same group of consumers that Klarna targets with its marketing: consumers living paycheck to paycheck.  As a result, Klarna knew or should have know that such users were at extreme risk of overdraft fees when using the Klarna service.

30. When a bank pays an overdraft, it makes a loan to its accountholder in the amount of the overdraft.  The overdraft fee is a payment the accountholder makes for the extension of credit for the overdrawn amount.

31. A 2008 Federal Deposit Insurance Corporation (FDIC) study showed that overdraft fees carry an effective APR in excess of 3,500 percent.

32. In short, the entire premise of Klarna is to provide immediate access to goods and services and avoid bank fees and interest charges. That is why consumers are shocked to discover that Klarna causes significant bank fees and interest charges.

33. Using Klarna's services causes unsuspecting consumers like Plaintiff to incur massive fees on their linked bank accounts.

34. Klarna misrepresents (and omits facts about) the true nature, benefits, and risks of its service, functioning of which means that users are at extreme and undisclosed risk of expensive bank fees when using Klarna. Had Plaintiff been adequately informed of these risks, he would not have used Klarna.

35. As alleged herein, Plaintiff had no idea small, automatic Klarna repayments could cause $29-each overdraft fees from his bank.

**B.    Plaintiff's Experience**

36.     When Plaintiff signed up for Klarna and was induced to provide Klarna with his highly sensitive banking information, he was not aware that Klarna's service had a significant "catch" and that significant "interest" could result.

37.     For example, in December, 2021, Plaintiff made a purchase using Klarna.

38.     On December 16, 2021, Klarna made a deduction from his checking account at Frontwave Credit Union in the amount of $42.84, as a partial repayment of that purchase.  That deduction caused a $29 OD and/or NSF Fee at Frontwave Credit Union.

## C.     Klarna's Deceptive Marketing

39.     In marketing and promotions, Klarna describes its service as simple, convenient, and easy—a no-fee, no-interest way for consumers to receive their purchases before they have money to pay for them.

40.     Klarna's marketing never warns consumers of the extreme and crushing NSF and overdraft fee risk of using the service.

41.     Klarna conceals from users the punishing risk of NSF and overdraft fees on small dollar Klarna repayments.

42.     Klarna's marketing materials—including within the app, in app stores, and on Klarna's website—never disclose these risks and material facts, instead luring consumers to sign up for and use the service with promises of ease, convenience, and fee/interest avoidance.

43.     Klarna knows that its service is likely to cause its low-income users to incur large bank fees.

44.     Klarna's representations—which all users view during the sign-up process—are false and contain material omissions.

45.     Klarna misrepresents the true nature, benefits and risks of the service, which targets users with an extreme and undisclosed risk of Klarna triggering

expensive, earnings-depleting bank fees. Plaintiff would not have used Klarna if he had been adequately informed of the risks of bank fees. As alleged herein, Plaintiff had no idea small, automatic Klarna repayments could cause $29 bank fees from their bank; he had no idea Klarna would process transactions when their accounts had insufficient funds.

46.     Klarna's marketing never discloses the most devastating risk of using the service—that days of earnings can be wiped out by bank fees associated with using the service.

## **CLASS ALLEGATIONS**

47.     Plaintiff bring this action individually and as representatives of all those similarly situated, on behalf of the below-defined Class (the "Class"):

> All persons who used the Klarna Service and incurred an overdraft or NSF Fee as a result of a Klarna repayment deduction.

48.     Excluded from the Class are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded are any judicial officers presiding over this matter and the members of their immediate families and judicial staffs.

49.     This case is appropriate for class treatment because Plaintiff can prove the elements of their claims on a class wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

50.     **Numerosity:** The members of the Class are so numerous that joinder of all members would be unfeasible and impracticable. The precise membership of the Class is unknown to Plaintiff at this time; however, it is estimated that the Class number is greater than one hundred individuals. The identity of such membership is readily ascertainable via inspection of Defendant's books and records or other

approved methods. Class members may be notified of the pendency of this action by mail, email, internet postings, and/or publication.

51. **Common Questions of Law or Fact:** There are common questions of law and fact as to Plaintiff and all other similarly situated persons, which predominate over questions affecting only individual Class members, including, without limitation:

a)   Whether Klarna's representations and omissions about its service are false, misleading, deceptive, or likely to deceive;

b)   Whether Klarna failed to disclose the NSF and overdraft fee risks of using its service;

c)   Whether Plaintiff and the Class members were damaged by Klarna's conduct;

d)   Whether Klarna's actions or inactions violated the consumer protection statute invoked herein; and

e)   Whether Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendant's conduct.

52. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Class. The common questions of law set forth above are numerous and substantial and stem from Klarna's uniform practices applicable to each individual Class member. As such, these common questions predominate over individual questions concerning each Class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

53. **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, Plaintiff and all Class members were similarly injured through Klarna's uniform misconduct as alleged above. As alleged herein, Plaintiff, like the members of the Class, were deprived of monies

that rightfully belonged to them. Further, there are no defenses available to Klarna that are unique to Plaintiff.

54.   **Adequacy of Representation:** Plaintiff are adequate class representatives because they are fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Class, and because their interests do not conflict with the interests of the other Class members they seek to represent. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent Plaintiff and the members of the Class. Plaintiff's attorneys are experienced in complex class action litigation, and they will prosecute this action vigorously.

55.   **Superiority:** The nature of this action and the claims available to Plaintiff and members of the Class make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each Class member were required to file an individual lawsuit, Klarna would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiff with its vastly superior financial and legal resources. Moreover, the prosecution of separate actions by individual Class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class members against Klarna, and which would establish potentially incompatible standards of conduct for Klarna and/or legal determinations with respect to individual Class members which would, as a practical matter, be dispositive of the interests of the other Class members not parties to adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

## **FIRST CAUSE OF ACTION**
### **Violation of California's Unfair Competition Law ("UCL")**
### **Cal. Bus. & Prof. Code § 17200,** *et seq.*
### **(On Behalf of Plaintiff and the Class)**

56.    Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

57.    California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice."

58.    Klarna's deceptive conduct related to material omissions and/or material misrepresentations that it provides risk-free repayment service through its website and mobile app violates each of the statute's "unfair," "unlawful," and "fraudulent" prongs.

59.    The UCL imposes strict liability. Plaintiff need not prove that Klarna intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

60.    A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

61.   Klarna's practices as described herein are (a) immoral, unethical, oppressive, and/or unscrupulous and violate established public policy as recognized by, *inter alia*, causing injury to consumers which outweigh any purported benefits or utility.

62.   A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the public.

63.   Defendant's practices, as described herein, constitute "fraudulent" business practices in violation of the UCL because, among other things, they are likely to deceive reasonable consumers, who do not expect that they can occur expensive bank fees—and sometimes, multiple bank fees—for using Klarna's service.  On the media on which Defendant communicated to consumer as they were making a purchase decision, Defendant concealed the material fact that the cost to use the buy now, pay later service can far exceed the "free" price represented.

64.   A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

65.   Among other statutes, laws, and/or regulations, Defendant's acts and practices violate the following statutes, laws, and/or regulations:

(a) Violating Cal. Civ. Code § 1750, *et seq*.;

(b) Engaging in conduct in which the gravity of harm to Plaintiff and the Class outweighs the utility of the Defendant's conduct; and/or

(c) Engaging in acts and/or practices and/or omissions that are immoral, unethical, oppressive, and/or unscrupulous and causes injury to consumers which outweigh its benefits.

66.    Klarna committed unfair and fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq*., by affirmatively and knowingly misrepresenting on its website and mobile app the true risks and operation of its service.

67.    Klarna's acts and practices offend an established public policy of fee transparency in the marketplace, and constitute immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

68.    The harm to Plaintiff and the Class outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

69.    Klarna's business practices have misled Plaintiff and the proposed Class and will continue to mislead them in the future.

70.    Plaintiff relied on Defendant's misrepresentations.

71.    Had Plaintiff known the true risks of using the service, he would have chosen another method to purchase the item with Klarna or purchase the item with another provider.

72.     As a direct and proximate result of Klarna's unfair, fraudulent, and/or unlawful practices, Plaintiff and Class members suffered and will continue to suffer actual damages. Defendant's fraudulent conduct is ongoing and present a continuing threat to Class members that they will be deceived into making purchases with the buy now, pay later service.

73.     As a result of its unfair, fraudulent, and unlawful conduct, Klarna has been unjustly enriched and should be required to disgorge its unjust profits and make restitution to Plaintiff and Class members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204.

### SECOND CAUSE OF ACTION
**Violation of California's False Advertising Law ("FAL")**
**Cal. Bus. & Prof. Code § 17500, *et seq.***
**(On Behalf of Plaintiff and the Class)**

74.     Plaintiff re-alleges and incorporates the preceding allegations by reference as if fully set forth herein.

75.     California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, states that "[i]t is unlawful for any ... corporation ... with intent … to dispose of ... personal property ... to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement...which is untrue or

misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading…."

76.    Defendant's material misrepresentations and omissions alleged herein violate Bus. & Prof. Code § 17500.

77.    Defendant knew or should have known that its misrepresentations and omissions were false, deceptive, and misleading.

78.    Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff and the members of the Class, on behalf of the general public, seeks an order of this Court enjoining Defendant from continuing to engage, use, or employ their practice of misrepresenting the true risks and operation of its services.

79.    Further, Plaintiff and the members of the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of said misrepresentations.

80.    Additionally, Plaintiff and the Class members seek an order requiring Defendant to pay attorneys' fees pursuant to Cal. Civ. Code § 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands a jury trial on all claims so triable and judgment as follows:

A.      Certifying the proposed Class pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiff as representative of the Class, and appointing counsel for Plaintiff as lead counsel for the respective Class;

B.      Declaring that Klarna's policies and practices as described herein constitute a violation of state consumer protection statutes;

C.      Enjoining Klarna from the wrongful conduct as described herein;

D.      Awarding restitution of all fees at issue paid to Klarna by Plaintiff and the Class as a result of the wrongs alleged herein in an amount to be determined at trial;

E.      Compelling disgorgement of the ill-gotten gains derived by Defendant from its misconduct;

F.      Awarding actual and/or compensatory damages in an amount according to proof;

G.      Punitive and exemplary damages;

H.      Awarding pre-judgment interest at the maximum rate permitted by applicable law;

I.      Reimbursing all costs, expenses, and disbursements accrued by Plaintiff in connection with this action, including reasonable attorneys' fees, costs, and expenses, pursuant to applicable law and any other basis; and

J.      Awarding such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Class Action Complaint that are so triable.

Dated:  April 28, 2022                          Respectfully submitted,

                                               **EDELSBERG LAW, P.A.**

                                               By:  */s/ Scott Edelsberg*
                                                    Scott Edelsberg (CA 330090)
                                                    scott@edelsberglaw.com
                                                    20900 NE 30th Ave., Ste. 417
                                                    Aventua, FL 33180
                                                    Tel: 305-975-3320
                                                    Fax: 786-623-0915

                                                    *Attorneys for Plaintiff and the Putative*
Class